Mr. Justice Cox
delivered the opinion of the court.
This is an action of assumpsit to recover a balance of -'$575.92, alleged to be due on certain promissory notes, with interest from the 9th of March, 1868.
At the trial it appeared that Vanderlip, the defendant, was simply an accomodation maker of the notes for the benefit of a third party, one Seth A. Terry, who was not a party to the notes. Terry delivered the notes to Kendall (although they were in form made payable to Kendall in the first instance) .and received the full amount of them from Kendall; and, under the plea of set-off, there was an offer to prove for the •defence, that at the time Terry obtained the money from the plaintiff, there was a stipulation to pay him extra interest at the rate of five per cent, a month, and that Terry did, in fact, pay as such extra interest, the sum of $347.82 ; and the defendant claimed the right to have this sum deducted from the $575.92, the balance due on the notes, of principal and legal interest. The court below refused to admit the evidence on this point, and exception was taken ; and the only question before us in the case is : Had the defendant the right to have this deduction made, that is to have this usurious interest deducted from the legal debt?
*110 The arguments for the defence in support of this offer were :
1st. That the Revised Statutes of the District of Columbia give the right to a party who pays illegal interest to recover it in an action.
2d. That where a party has a right to maintain an action for a money demand, he has a'right to set that off against a demand in an action against him.
3d. That the maker of the note is competent to make this defence as w.ell as any other party.
On the part of the plaintiff’ two answers to this claim are-made. It said, first, that the Revised Statutes of the District provide a new right and declare the remedy, and that in such a. case, only the specific remedy which the law prescribes can be resorted to. Section 716 of the Revised Statutes of the-District gives simply the right to sue for the illegal interest paid — not the right to set it off by way of defence in an - action ; and decisions of the Supreme Court have been appealed to, in which it has been held that, although the National Bank act provides that a party paying illegal interest may recover twice the amount in an action, yet he-cannot set off the amount so illegally paid, in an action against him, his only remedy being the one provided for in the act. It is a question with us whether this decision would govern in a case arising under the law of the District, which does not give the right in exactly the same shape as that in which it is given by the National Bank act ; but it becomes-unnecessary in this case to decide that question.
The second point is that the law of set-off applies only to-mutual demands. ° That is, that the defendant may set off a demand which he has against the plaintiff, but not a demand which belongs to another party. Under our statute, it is the party paying the illegal interest to whom is given the right to recover,.and not some other party. The language of the statute is : “ If any person or corporation within the District shall directly, or indirectly, take or receive any greater amount of interest than is provided for in this chapter, upon any contract or agreement whatever, it shall be *111 lawful for the person, or his personal representative, or the corporation paying the same, to sue for and recover all the interest paid upon any such contract or agreement.” Now, in this case, the illegal interest was paid by Terry, for whose accomodation these notes were made, not by the maker of the notes ; and it is very plain that the maker cannot maintain a suit against Kendall to recover money paid by Terry, a third party, out of his own pocket.
This being the case, the defendant cannot set off in this suit this claim which he could not recover in an independent suit against the party to whom it was paid. This answer is, we think, conclusive, at least upon the defence made in its present form. Indeed, this very question has been decided by the Court of Appeals in Maryland, and also by the court of last resort in Wisconsin, in a case almost exactly like the present, with the exception that there the party for whose accommodation the note was made was a party to the paper, whereas in this case Terry was not a party to these notes-In that case, it appeared that the defendant had never paid the plaintiff anything upon the note, either as interest or usury, but that the person for whose' accommodation it was endorsed had ; and the court held that, so far as the personal payments were concerned, the defendant could not apply them to his own benefit, either as payment or as set-off
So that, as far as this evidence was offered by the defendant to sustain the plea of set-off, we think the court below was. correct in ruling it out.
, We have looked through the record and the decisions cited, to see whether the defence could not be made in some other form. There is a plea of partial payment covering the same facts. Now, if this money could be treated as a payment on account of the principal and legal interest, no matter by whom paid, such payment would, of course, reduce the debt by so much, and the plaintiff’ could only recover the balance actually due. Perhaps, then, if this could be treated as such a payment, although the evidence was offered in suppoi’t of the defence of set-off, it would still be pertinent under the issues in this action ; but the question is : Will the law im *112 pute or ascribe or apply a payment made expressly as usury, to the principal and legal interest of a debt ? There is a great difficulty in doing this. The case put is that of a.debt, partly legal and partly illegal — not illegal in the sense of malum in se, but in the sense of malum prohibitum, and it may be regarded also as made illegal for the benefit of the defendant. Now, the question is, whether, when payments of this character have been made and applied to illegal interest by consent of both parties, it is the duty of the court to apply those payments to the part of the debt which is legal and not to that which is illegal? When the parties have agreed that the payment shall be applied to a part of the debt which was not legally binding, and have actually made such application, can the court step in and say : We will undo all that and make a new agreement for you, so that this payment shall be applied, not to the part of the debt which is usurious but to that part which is legal? It seems to us that to do this would be transcending the power of the court.
A number of cases have been cited on the part of the defence from the reports of Wisconsin, Illinois, New York, Massachusetts and Iowa. In one case in Wisconsin it was held that the part}' should be allowed to deduct, by way of set-off, the interest which had been illegally paid. The payment was expressly relied upon as a set-off, not as an application of the illegal payment to the legal part of the debt.
In an Illinois case general language was used to the effect that the party might deduct; but the pleadings are not set out, nor does it appear on what principle the court so held.
In certain cases cited from the Maine reports the right to deduct was allowed expressly upon the authority of the revised statutes of that State.
The New York and Massachusetts cases cited have no application to this direct question.
There is an Iowa ^case which holds that where the party gave a separate note of $300 to cover usury upon another debt, the defendant, who had himself given and paid the note, might claim to have it deducted.
*113 In other words, notwithstanding the application of the payment made by the parties themselves, the court undertook to make another application, and to treat it precisely .as it would treat a payment made without any specific appropriation ; but that decision seems to be contrary to the whole tenor of the authorities. We think, therefore, that it is not competent for the court, when parties have actually paid money expressly as usury to afterwards make a different .application of the money, and apply it as a payment on account of the debt and the legal interest. So that even in ■connection with the defence of partial payment, this evidence was not admissible. The judgment is,,therefore, .affirmed.
The Chief Justice dissented.